UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH RUZINDANA,

    Plaintiff,

v.

    Civil Case No. 22-11666
    Honorable Linda V. Parker

FCA US LLC and
FCA BRAZIL,

    Defendants.
_____/

## OPINION AND ORDER DENYING PLAINITFF'S MOTION TO VACATE ARBITRATION AWARD AND SUMMARILY DISMISSING THE COMPLAINT

Pro se Plaintiff, Joseph Ruzindana ("Plaintiff"), initiated this action seeking to vacate an arbitration award in FCA US LLC's favor ("FCA US"). On July 15, Plaintiff field a Complaint alleging wrongful termination and lost wages due to workplace discrimination against FCA US LLC and FCA Brazil ("Defendants"). On July 22, 2022, the Court issued an Order for Plaintiff to show cause why the case should not be dismissed for lack of subject matter jurisdiction. (ECF No. 5.) On August 5, 2022, Plaintiff filed responses asserting that this Court has diversity jurisdiction. (ECF Nos. 8, 9.) The matter is presently before the Court on Plaintiff's "Motion to Vacate Arbitration Award," filed July 15, 2022. (ECF No. 3.) The motion has been fully briefed. (ECF Nos. 12, 13.) Finding the facts and

legal arguments sufficiently presented by the parties, the Court is dispensing with oral argument with respect to Plaintiff's motion pursuant to Eastern District of Michigan Local Rule 7.1(f).

## BACKGROUND

In 2019, Plaintiff was hired as a Senior Software Validation Engineer with FCA US in its Software Automation and Test Methodology Group.  Plaintiff was hired due to his years of experience with the expectation that he served as 'a role model, mentor, and technical lead to the lesser experienced team members hired after him." (ECF No. 12 at Pg ID 329.)  According to Defendants, Plaintiff began to exhibit performance issues shortly after being hired, which included an inability to complete assignments.  Plaintiff's Supervisor, Mr. Srinath Gopinath, attempted to help Plaintiff improve his performance through one-on-one conversations every other week, providing Plaintiff with opportunities to receive additional training, and allowing Plaintiff relief from work duties to attend the trainings.

In March 2020, Plaintiff received an unsatisfactory work evaluation that detailed his "poor work performance." (*Id.* at Pg ID 330.)  Specifically, the evaluation noted concerns about Plaintiff's abilities regarding the following areas: "communicat[ing] issues and roadblocks, break[ing] down his projects into smaller tasks, find[ing] alternate paths to remove roadblocks on projects, and to work

2

independently and thoughtfully." (*Id.*)  Concerns were also raised about the quality of Plaintiff's work.

As a result, in June 2020, Plaintiff was placed on a Performance Improvement Plan ("PIP").  Once the PIP was provided to Plaintiff, he was again notified of his unsatisfactory work performance by Human Resources.  Plaintiff was also informed that the PIP would last for 90 days, which involved meetings every 30 days to review and assess his progress with completing the assignments under the PIP.  When Plaintiff received the PIP, he confirmed his acceptance when he stated, "this looks good to me." (ECF No. 12 at Pg ID 331.)  Despite including informal weekly one-on-one meetings between Plaintiff and his supervisor, Plaintiff failed to complete his PIP assignments, which Plaintiff also admitted.

On October 1, 2020, Plaintiff was discharged due to his failure to successfully complete his PIP.  As a result, Plaintiff submitted a complaint to FCA US' Office of EEO Compliance and Governance alleging discrimination based on his national origin.  After a thorough investigation that included speaking to supervisors and other individuals identified by Plaintiff to have relevant information concerning the allegations, the FCA Office of EEO concluded that the complaint was unsubstantiated.

Following the EEO investigation, Plaintiff complained to FCA US noting that the investigation was "100% bias." (ECF No. 12 at Pg ID 331.)  FCA US then

3

hired outside counsel to investigate Plaintiff's complaint. After multiple meetings with outside counsel, they also concluded that the complaint was unsubstantiated.

Pursuant to FCA US's Employee Dispute Resolution Process, Plaintiff filed a "Dispute Notice" on November 19, 2020. However, FCA US denied Plaintiff's claims, finding that their actions complied with company policies. On April 7, 2021, Plaintiff sought arbitration through the American Arbitration Association, in which retired Judge Edward Sosnick was appointed as Arbitrator. According to Defendants, at the time of the appointment, neither party objected to Judge Sosnick's appointment. After a multi-day hearing, involving testimony by eight witnesses, six of which were called by Plaintiff, Judge Sosnick concluded that "[c]laimant has not produced any evidence that he was discharged because of his race, age, or national origin or that a hostile work environment existed." (*See* Arbs. Final Award, ECF No. 3-2 at Pg ID 90.)

## DISCUSSION

As an initial matter, the Court requested that Plaintiff show cause as to why his Complaint should not be dismissed due to lack of subject matter jurisdiction. Plaintiff responded but failed to show cause. However, pursuant to Federal Rule of Civil Procedure 201, the Court takes judicial notice of an FCA US filing in a separate matter, *See Sharp et al. v. FCA US LLC*, No. 2:21-cv-12497, ECF No. 32, that FCA's sole member is a subsidiary of a company with its principal place of

4

business in the Netherlands. To determine whether diversity jurisdiction exists when a limited liability company is a party, courts must know the citizenship of each member and sub-member of the company. *See Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). Further, district courts have original jurisdiction over cases between "citizens of a State and citizens or subjects of a foreign state" where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(2). As such, the Court finds that diversity jurisdiction exists between the parties because Plaintiff is a resident of Michigan and Defendants are residents of foreign states; the Netherlands and Brazil.

The Federal Arbitration Act ("FAA") expresses a federal policy favoring the enforcement of arbitration clauses negotiated between parties to a contract. *See Volt Info. Sciences, Inc. v. Bd. of Trs.*, 489 U.S. 468, 475–76 (1989). To encourage parties to agree to arbitration in the first place, the FAA ensures that "arbitration awards are both fair and final." *Solvay Pharm. Inc. v. Duramed Pharm, Inc.*, 442 F.3d 471, 475 (6th Cir. 2006). The act promotes finality "by substantially limiting the occasions for judicial review," *id.*, and expressing "a presumption that arbitration awards will be confirmed." *Andersons, Inc. v. Horton Farms, Inc.*, 166 F.3d 308, 328 (6th Cir. 1998). At the same time, however, fairness is achieved "by requiring courts to intervene when arbitrators so improperly execute their

responsibilities as to discourage others from arbitrating in the future." *Solvay*, 442 F.3d at 475.

Pursuant to the FAA, a court may intervene and vacate an arbitration award upon application of any party to the arbitration:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

In this case, Plaintiff does not proffer any arguments or evidence that Judge Sosnick was impartial, corrupt, guilty of any misconduct, nor where he exceeded his power or authority. Moreover, Plaintiff does not proffer any arguments or evidence that the award was procured by any corrupt, fraudulent, or undue means. *See* 9 U.S.C. § 10(a). As such, the Court does not have the authority to vacate the arbitration award. *See First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 942

6

(1995) (courts may vacate an arbitrator's award "only in very unusual circumstances.")

Further, to the extent that Plaintiff attempts to allege other violations of federal law and safety standards, the Court does not construe those claims to be against defendants. Rather, they are to provide context to his discrimination claims. Based on the arbiter's decision that addresses the discrimination claims in Plaintiff's Complaint, and because the arbitration award is not being vacated, the court believes the Complaint should be dismissed with prejudice.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Vacate Arbitration Award (ECF No. 3) is **DENIED**.

**IT IS FURTHER ORDERED** that the Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: November 16, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, November 16, 2022, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager