UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH RUZINDANA,

    Claimant,

v.

                             Civil Case No. 22-11666
                             Honorable Linda V. Parker

FCA US LLC and
FCA BRAZIL,

    Respondents.
_____/

## OPINION AND ORDER DENYING CLAIMANT'S MOTION FOR RECONSIDERATION (ECF NOS. 16, 17)

This is a pro se diversity action arising out of underlying allegations of workplace discrimination. On July 15, 2022, Claimant Joseph Ruzindana ("Claimant") initiated this lawsuit against his former employers, FCA US LLC and FCA Brazil ("Respondents"). (ECF No. 1.) On the same day, Claimant filed a Motion to Vacate Arbitration Award, ECF No. 3, which the Court subsequently denied on November 16, 2022, along with summarily dismissing the Complaint. (ECF No. 14.) Regarding the Motion to Vacate, the Court found that Claimant failed to proffer any arguments that the judge involved in the Arbitration was "impartial, corrupt, guilty of any misconduct, nor exceeded his power or authority" as required by the Federal Arbitration Act ("FAA"). (*Id.* at Pg ID 387.) The Court summarily dismissed the Complaint because the Court did not construe Claimant's

additional arguments to be against Respondents, but to provide context to the underlying discrimination claims. (*Id.* at Pg ID 388.) The matter is presently before the Court on Claimant's motion for reconsideration (ECF Nos. 16, 17) of this Court's decision denying the Motion to Vacate and summarily dismissing the action. For the reasons that follow, the Court is denying the motion.

## Applicable Standard

Eastern District of Michigan Local Rule 7.1(h) governs motions for reconsideration. As currently written, the rule provides as follows with respect to non-final orders such as the decision on Defendant's motion to dismiss:

> (2) Non-Final Orders. Motions for reconsideration of non-final orders are disfavored. They must be filed within 14 days after entry of the order and may be brought only upon the following grounds:
>
> (A) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;
>
> (B) An intervening change in controlling law warrants a different outcome; or
>
> (C) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

E.D. Mich. L.R. 7.1(h)(2). "A motion for reconsideration is not intended as a means to allow a losing party simply to rehash rejected arguments or to introduce

new arguments." *Southfield Educ. Ass'n v. Bd. of Educ. of Southfield Pub. Schs.*, 319 F. Supp. 3d 898, 901 (E.D. Mich. 2018).

## Analysis

As an initial matter, Claimant filed two documents that are both labeled as Motions for Reconsideration. (ECF Nos. 16, 17.) Although filing two motions for reconsideration is procedurally improper, *see generally* E.D. Mich. L.R. 7.1, the Court will construe the second motion, ECF No. 17, to be the motion for review because the first motion, ECF No. 16, lacks any substantive argument and appears to be composed of attachments.

In the motion, Claimant maintains that the Court should reconsider its Order because "the Court erred by (i) misinterpreting and misapplying the plausibility standard articulated in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009); (ii) ignoring or failing to accept as true detailed factual allegations in the complaint; and (iii) incorrectly applying Twombly and Iqbal where there was direct evidence of agreement." (ECF No. 17 at Pg ID 416.) Claimant fails to provide any context or specific examples as to how the Court incorrectly applied the pleading standard under *Twombly* and *Iqbal*. However, regarding his claim as to the existence of direct evidence of an agreement, again, this argument goes to his underlying claims of workplace discrimination and retaliation, which were not before this Court. The claims

3

before this Court were (1) the Motion to Vacate the Arbitration Award, in which Claimant failed to satisfy the requirements under the FAA, and (2) a plethora of other federal statutes that were improperly pleaded against Respondents.  To be clear, the FAA allows a court to vacate an arbitration award only by demonstrating some type of wrongdoing by the arbitrator, not by a plaintiff attempting to rehash arguments or to present additional evidence regarding the underlying claims, or allegations that the arbitration itself was improper.  Thus, Claimant's arguments regarding a misapplication of the plausibility standard have no merit.

 Next, it appears that Claimant attempts to present a new argument, which he refers to as "the public policy doctrine." (ECF No. 17 at Pg ID 416.)  However, as discussed, "parties cannot use a motion [to reconsider] to raise new legal arguments that could have been raised before a judgment was issued." *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007). As such, the Court will not address this argument.

## Conclusion

For the reasons stated, the Court finds no mistake in its November 16 Order that warrants a different outcome.  *See* E.D. Mich. L.R. 7.1(h)(2).

Accordingly,

**IT IS ORDERED** that both Claimant's motions for reconsideration (ECF

Nos. 16, 17) are **DENIED**.

s/ Linda V. Parker<br>LINDA V. PARKER<br>U.S. DISTRICT JUDGE

Dated: June 21, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, June 21, 2023, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan<br>Case Manager

5